UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ARTHUR JEFFREY MORTON, a/k/a
Arthur Jeffery Morton,
*Defendant-Appellant.*

No. 01-4651

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-01-5-V)

Submitted: April 18, 2002

Decided: April 29, 2002

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Scott Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North
Carolina, for Appellant. Anne Magee Tompkins, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Arthur Jeffrey Morton appeals his convictions and 151-month sentence following his guilty plea to bank robbery and bank larceny, in violation of 18 U.S.C.A. § 2113 (West 2000). Morton's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court correctly classified Morton as a career offender and whether the Government was obligated to move for a downward departure based on substantial assistance. Counsel concedes, however, that there are no meritorious grounds for appeal. Although notified of his right to do so, Morton has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

Following a de novo review of the record, we find that the district court complied with all the mandates of Fed. R. Crim. P. 11 in accepting Morton's guilty plea. *See United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995) (providing standard). We also conclude that the district court did not err in sentencing Morton as a career offender as he was over eighteen years old when he committed the instant felony offense, which was a crime of violence, and he had two prior felony convictions. *See U.S. Sentencing Guidelines Manual* § 4B1.1 (2000).

Finally, we find that a court may review the Government's decision not to move for a downward departure only if the refusal is based on an unconstitutional motive, such as race or religion, or is not rationally related to a permissible government objective. *United States v. LeRose*, 219 F.3d 335, 341-42 (4th Cir. 2000) (citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992)). Because there is no evidence that Morton provided substantial assistance and he does not allege that the Government's refusal to file the motion stemmed from any improper motive, we find this claim to be without merit.

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Morton's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*